ATLAS BRADFORD COMPANY et al.,
Appellants,

v.

TUBOSCOPE COMPANY, Appellee.

No. 4093.

Court of Civil Appeals of Texas.

Waco.

March 12, 1964.

Rehearing Denied April 30, 1964.

Dyche, Wheat, Thornton & Wright, Thomas H. Weed, James T. Wright, Browning, Simms, Hyer & Eickenroht, W. F. Hyer, Fulbright, Crooker, Freeman, Bates & Jaworski, Chester Fulton, Houston, for appellants.

Butler, Binion, Rice & Cook, John McConn, Jr., Fletcher H. Etheridge, Houston, for appellee.

McDONALD, Chief Justice.

This is a "trade secret" case. Tuboscope brought suit against Julian Unger, a former employee, to enjoin him from disclosing to others trade secrets of Tuboscope, embodied in its electromagnetic pipe inspection device, known as the "Sonoscope." Atlas Bradford Company was later joined as a defendant, it being alleged that Atlas received from Unger, and used, the trade secrets Unger was disclosing.

Defendants Unger and Atlas contended (among other things) that Tuboscope's alleged trade secrets were subjects of patents, issued to Tuboscope by the United States Patent Office, and for such reason, had ceased to be trade secrets and ceased to be entitled to the protection of the law as trade secrets.

Trial was to a jury. The jury found, and/or, it is undisputed, that:

1) Unger learned of Tuboscope's "trade secrets," here involved, during his employment by Tuboscope from 1950 to 1956.

2) On March 26, 1953, and during his employment by Tuboscope, Unger contracted with Tuboscope whereby he "agrees and binds himself not to reveal to others * * * confidential information with reference to employer's work, processes, equipment, tools, machinery, devices, methods, inventions, or improvements, whether patented or not * * *."

3) During the period August 1953 to March 1959 patents were issued to Tuboscope, in which each of the "trade secrets" involved herein, were disclosed, made non-secret, and given the protection of a patent.

4) On or after April 4, 1959 Unger disclosed to Atlas, the "trade secrets", and (which had already been patented).

The Trial Court rendered judgment for Tuboscope: 1) permanently enjoining the use and disclosure of the "trade secrets" here involved, by Unger; 2) permanently enjoining the use and disclosure of the "trade secrets" here involved by Atlas; 3) and rendered judgment for damages in the amount of $20,000 against Atlas.

Unger and Atlas appeal, both contending that a "patented matter" cannot be a "trade secret", and that the Trial Court erred in not holding, as a matter of law, that when the patents were issued, the "trade secrets" ceased to be "trade secrets," and ceased to be entitled to protection of law as such.

■ A "trade secret" entitled to protection by injunction may consist of any formula, pattern, device or compilation of information used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it, and generally relates to the production of goods, though it may be a formula or a pattern.

■ When the owner of a "trade secret" secures a patent on an invention embodying the trade secret, he makes full disclosure of his secret, in exchange for a time limited monopoly afforded by the patent. The "trade secret" is no longer a "secret after the issuance of the patent, and is no longer entitled to the protection of the law of trade secrets. The owner of the patent does have

 

the protection of the patent laws for a limited number of years.

■ Nevertheless where one, as a result of a confidential relationship gains knowledge of the "trade secret" of another, *prior to its being patented,* and while it is still a "trade secret"; and after the matter has been patented, uses or discloses the information, our courts deny him resort to the patent on the theory that a person's wrongful acts may deprive him of the right which he would otherwise have as a member of the public. Luccous v. J. C. Kinley Co., Tex., 376 S.W.2d 336; Hyde Corp. v. Huffines, 158 Tex. 566, 314 S.W.2d 763; K & G Oil Tool & Service v. G & G Fishing Tool Service, 158 Tex. 594, 314 S.W.2d 782.

In the instant case the record discloses that the defendant Unger learned of Tuboscope's "trade secrets" while he was in its employment from 1950 to 1956, and during which time he made an agreement never to reveal any of Tuboscope's devices, methods, and inventions.

During the period August 1953 to March 1959, patents were issued to Tuboscope, in which the "trade secrets" were disclosed to the public in return for the protection of the Federal patent laws.

On or after April 1959 Unger disclosed to Atlas that which he had learned confidentially as a "trade secret", but which had been made public, by patent, prior to Unger's disclosures.

■ The public disclosure of the patents makes the information public, insofar as Atlas is concerned. Luccous v. Kinley, supra. And Atlas is entitled to use the information free of restraint on the ground that the information constituted a "trade secret".

■ Since Unger received the information while it was still a "trade secret" and disclosed same in what amounts to an abuse of confidence, (as well as his own agreement not to do so), Tuboscope is entitled to the relief granted as to him. See the Luccous, Hyde, and K & G Tool Service cases, supra.

The judgment of the Trial Court is reversed and rendered as to the injunction and money recovery against Atlas; and affirmed as to the injunction against Unger. Costs of appeal are adjudged one-half against Tuboscope, and one-half against Unger.

Reversed and rendered in part. Affirmed in part.